[No. 459.  Decided August 29, 1892.]

C. C. BARTLETT AND FRANK A. BARTLETT, *Respondents*, v.
H. E. MORGAN, *Appellant.*

EVIDENCE—PROOF OF CONTRACT—INCOMPETENCY OF BOOK ENTRY.

In an action for goods sold to defendant but delivered, under the alleged terms of a contract, to a third party, it is error to permit the plaintiff to introduce in evidence, as proof of the contract, a ledger kept by him in which he had at first charged the goods to the third party, and had subsequently written defendant's name above that of the third party.

*Appeal from Superior Court, Jefferson County.*

*A. R. Coleman* and *W. S. Bush,* for appellant.

*Tyler, Hays & Tyler,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—This action was brought by the respondents against the appellant for goods, wares and merchandise sold by the plaintiffs which they claimed were sold to appellant, but which were delivered to Chas. Raven & Co. The defense was that the goods were sold to Raven & Co., and not to the appellant. Judgment was had for the plaintiffs and the defendant appealed.

It seems that a memorandum of the sales as made were entered upon slips of paper at the time, and that these were transferred to a journal, and from that subsequently transferred to a ledger. The plaintiffs testified to the sale of the goods; and testified that they were sold to the defendant by virtue of a contract with him, but that he had requested them, in order to keep the accounts separate, to charge them to Raven & Co. Some time after the entry of the account upon the ledger, the plaintiffs wrote over the name of Raven & Co. the name of the defendant. The

ledger was offered in evidence, and was objected to by the defendant on the ground of incompetency. The court overruled the objection and admitted the ledger as evidence; the defendant accepted, and he alleges the same as error upon this appeal. The ledger was clearly incompetent to prove the contract between the parties. The plaintiff testified himself and produced other witnesses to prove that he had made a contract with the defendant, but the fact that he subsequently wrote the name of the defendant over the account in the ledger where the goods were charged to Raven & Co., was no proof of what the contract was. See *Greisheimer v. Tanenbaum*, 124 N. Y. 650 (26 N. E. Rep. 957).

As this incompetent evidence was permitted to go to the jury, it follows that the judgment must be reversed, and the same is done, and cause remanded.

ANDERS, C. J., and DUNBAR, STILES and HOYT, JJ., concur.