[No. 1449.   Decided November 30, 1894.]

WILLAMETTE CASKET COMPANY, *Respondent, v.* J. A. McGOLDRICK, *Appellant.*

PARTNERSHIP—LIABILITY OF SILENT PARTNER—EVIDENCE—ADMISSIONS—INSTRUCTIONS.

In an action to recover judgment against defendant as a silent partner in a firm to which plaintiff had sold goods, a contract of dissolution of a prior partnership between defendant and the person in whose name the business was later carried on is admissible in evidence for the purpose of showing defendant's joint ownership in the goods, as a basis of further proof tending to show partnership, and the general admission of the instrument in evidence is not error unless the court refused, upon request, to limit its effect to the matter of ownership.

In an action to subject defendant to liability as a partner in a business, the relationship being denied by him, and the only evidence tending to establish it being proof of his joint ownership in the property, and of alleged admissions on his part of the partnership, it is error to refuse defendant's request for a charge to the jury that

" a community of interests in money or property, or both, used in carrying on a business, does not of itself constitute a partnership in such business. There must be some joint adventure and agreement to share in the profits of the undertaking; and though you should find that the deceased Mahoney, in the business in question by him carried on, used money or property, or both money and property of the defendant McGoldrick, that fact would not constitute the defendant a partner in the business, and would neither confer upon him the rights, or subject him to the liabilities, of a partner therein."

In an action which seeks to charge defendant as a silent partner, not as a partner by holding out, the introduction of proof tending to show that he has made admissions of the partnership, but not to plaintiff or anyone representing it, will not warrant the court in charging the jury that " if you find from the evidence that the defendant, J. A. McGoldrick, has admitted there was a partnership between him and decedent T. J. Mahoney, and was interested with him in the undertaking business during the times set forth in the complaint, that is, in both the good will of such business and stock of goods used in such business, then your verdict should be for the plaintiff." (DUNBAR, C. J., and SCOTT, J., dissent).

In such an action, the books of account kept by the one engaged in carrying on the business in his own name, are not admissible in evidence for the purpose of proving that they contain nothing tending to show that defendant was in any way recognized as a partner.

*Appeal from Superior Court, Pierce County.*

*John M. Boyle* and *John Leo*, for appellant.

*A. R. Titlow*, for respondent.

The opinion of the court was delivered by

STILES, J.—This action was brought to establish that appellant was a partner in fact with one T. J. Mahoney in the undertaking business, and to obtain a judgment against him for a debt contracted by Mahoney in the course of that businsss. Appellant, Mahoney and two others, Slayden and Cowden, were partners in a similar business up to July 12, 1892, when the partnership was dissolved by a formal instrument in writing. Two establishments had been conducted by the firm—one by Slayden in person, and the other by Cowden and Mahoney. Appellant was a silent

partner and did not engage actively in the business.   The contract of dissolution assigned to Slayden and Cowden all of the property connected with the place of business there-tofore managed by the former, and to Mahoney and appel-lant the other establishment.   From July 12th business went on at the latter place, under the name of Mahoney alone, until February 18, 1893, when Mahoney died. Respondent sold and delivered sundry goods to Mahoney, and had no knowledge that appellant was in anywise con-nected with him until long after Mahoney's death.

Appellant's answer denied that he was at any time Mahoney's partner, and the issue was limited to the single question of a partnership in fact.

By way of introduction to the case the plaintiff offered the articles of copartnership of the original firm and the contract of dissolution, and of the court's admission of these instruments the appellant complains.   It may well be questioned whether the papers were admissible for the real purpose for which they were offered, that is, to prove the actual existence of a partnership between appellant and Mahoney at one time for the purpose of inferring a con-tinuance of the relation to another time.   The difficulty with them was that, for this purpose, they proved too much ; for the contract of dissolution positively established that on July 12 the partnership relation ceased, and that so far as the house presided over by Mahoney was concerned, there was between him and appellant at that time a mere joint ownership of whatever property came to them.   Mere use of the property by one or the other thereafter would in no wise show or tend to show a continuance of the conventional relation of partnership between the owners.   But the disso-lution contract might justly have served to show the fact of joint ownership itself, as the basis of further proof, and it was admissible for that purpose.   To have made the gen-eral admission of the instrument error, however, there should have been a request that the court limit its effect to the matter of ownership ; but such request was not made.

We think the case for the plaintiff rested substantially

upon certain admissions alleged to have been made by appellant immediately before and after the death of Mahoney, and but for those we should feel constrained to sustain the motion for a non-suit.   Two witnesses testified that appellant told him that he was Mahoney's partner, and this was sufficient, in our judgment, to call for explanation or denial, considering the fact that the property with which Mahoney's business was commenced was apparently owned by him and appellant jointly.

The court was asked to give this instruction :

" A community of interests in money or property or both, used in carrying on a business, does not of itself constitute a partnership in such business.   There must be some joint adventure and agreement to share in the profits of the undertaking ; and though you should find that the deceased Mahoney, in the business in question by him carried on, used money or property, or both money and property of the defendant McGoldrick, that fact would not constitute the defendant a partner in the business, and would neither confer upon him the rights, or subject him to the liabilities, of a partner therein."

This instruction, though not framed in very exact language, would have given to the jury the substance of a direction which the appellant was entitled to.   It seems to have been refused on the ground that there was no evidence applicable ; but that was a mistake.   It is true that the theory of the defense was that appellant was never the owner of any of the property, but that he accepted the appearance of ownership merely that he might be in a position to protect himself from loss by reason of the obligations that he had undertaken at banks by way of assisting Mahoney.   But it was the theory of the plaintiff, strenuously insisted upon, that he was the actual owner of one-half of the property operated with by Mahoney, and if that were the fact, then the instruction became pertinent and important, for the remainder of the defense was directed to the point of showing that appellant had no agreement whatever with Mahoney, paid no attention to the business, and had no right or expectation of participation therein.   If the jury believed that he

was a joint owner, but did not believe the testimony as to his alleged admissions, this instruction would have constrained them to find that no partnership was proven, and rightly so, for there was no other sufficient evidence of it.

The following instruction was excepted to :

" If you find from the evidence that the defendant, J. A. McGoldrick, has admitted that there was a partnership between him and decedent T. J. Mahoney, and was interested with him in the undertaking business during the times set forth in the complaint, that is, in both the good will of such business and stock of goods used in such business, then your verdict should be for the plaintiff."

Respondent claims that this instruction meant that if the jury found that appellant was a partner and admitted it, they should find for plaintiff.  But it does not read so.  The sense is, that, if appellant had admitted that he was a partner, the finding should be that he was a partner; and that was not the law of this case.  There was no attempt here to charge appellant as a partner by holding out, but as a partner in fact.  The goods were not sold on his credit, and the respondent did not know until after Mahoney's death that he was suspected of being interested in any way. Neither were the admissions made to respondent or any one representing it, or with any knowledge of respondent's claim, or of the claim of any person that a partnership existed.  There was, therefore, nothing binding in them, and they could be used only as circumstances, which, with others, were competent for the jury to consider.

Appellant offered the books of account kept by Mahoney to prove that they contained nothing tending to show that he in any way recognized appellant as a partner.  But we think there is no proper theory under which they could be admitted.  The purpose of the offer was to show that they contained nothing on the subject, which was an irrelevant fact.  Moreover, conceding the argument that if a partnership existed some mention of it would be likely to appear in the accounts of the business, there was no opportunity for the other side to cross-examine the person who kept them.  Had Mahoney been alive it would not be contended

that anything but his own evidence would suffice; being dead, the colorless negative to be argued from something which he did not do would amount to nothing.

Judgment reversed and cause remanded for a new trial.

HOYT and ANDERS, JJ., concur.

DUNBAR, C. J. (*dissenting*).—I am unable to agree with the conclusion reached by the majority in this case. It seems to me that the testimony was overwhelmingly to the effect that McGoldrick was a partner with Mahoney in the undertaking business. It must be borne in mind that the appellant here was not charged with partnership by holding out, but was charged as an actual partner; and it seems to me that the instruction of the court, which is so strenuously objected to by appellant and which this court holds to be error, in view of the testimony in this case, is absolutely harmless, even if it did not correctly state the law, which I think it did. For certainly, if the jury found from the evidence that appellant admitted that there was a partnership between him and the deceased Mahoney, and it further appeared that he was interested with him in the undertaking business during the time set forth in the complaint, both so far as the good will of such business went, and the stock of goods used in such business, then undoubtedly the jury would have been justified in coming to the conclusion, and in fact could not have come to any other conclusion, than that appellant was a partner in the business. It is not disputed that appellant was a partner in the first business, and he was not more actively known in that than in the latter business. His admitted statements to others, his solicitation for a continuance of the patronage of business, and even his own statements on the witness stand, go conclusively to show to my mind that he was an actual partner with Mahoney. He testifies that he went into partnership for the purpose of being secured for payments for whatever he had endorsed, but it was none the less a partnership because this was the reason which urged him to form it. The jury were justified in concluding, it seems to me, even from

the testimony of the appellant himself, taking into consideration both the direct and cross examination, that he was an actual partner in the business, and that he disclaimed partnership simply when he found that the business was insolvent.

If there were any technical errors by the court concerning the instructions, either in giving or refusing to give, I think under the undisputed testimony in the case that they were harmless. The judgment should therefore be affirmed.

SCOTT, J., concurs.