[No. 2120.  Decided September 26, 1896.]

EDWARD KENNAH, *Appellant*, v. R. J. HUSTON *et al.*,
*Respondents*.

FRAUDULENT REPRESENTATIONS — WHAT CONSTITUTES — PLEADING.

One who, in order to induce another to purchase certain land, represents that the purchase price is a given sum, and that he will take one half of the land if the latter will join with him in the purchase, is bound to so account to the latter that each will derive the same benefit from the contract of purchase, when the former had an agreement with the seller for the purchase of the property at a less sum than he represented to his co-purchaser that the land could be secured for.

A complaint charging that the owner of land, in order to effect a sale thereof to plaintiff, had conspired with another for the purpose of defrauding plaintiff by agreeing that the co-conspirator should represent and pretend to plaintiff that the purchase price of such land was more than the price actually placed thereon between the conspirators, does not state a cause of action against such land owner, when it does not show that he derived any benefit from such misrepresentation, nor that he said or did anything to lead plaintiff to enter into the contract. (Dunbar, J., dissents.)

Appeal from Superior Court, King County.—Hon. Richard Osborn, Judge. Reversed.

*Stratton, Lewis & Gilman,* for appellant.

*W. H. Thompson, E. P. Edsen, John E. Humphries,* and *James M. Epler,* for respondents.

The opinion of the court was delivered by

Hoyt, C. J.—Appellant brought this action against two defendants. They separately appeared in the action and filed demurrers, which were sustained by the superior court. The allegations as to the two defendants were not the same and those as to each must be considered separately to determine whether or not they stated a cause of action.

As to defendant Huston it sufficiently appeared from the complaint that the other defendant Kakelty was the owner of a certain piece of real estate; that he placed it in the hands of Huston for sale at the price of $4,000; that Huston, in order to induce the plaintiff to purchase the property, represented to him that the price at which Kakelty held it for sale was $6,000, and as a further inducement agreed that he would take a half interest in the property, the plaintiff, for the consideration of $3,000, to have the other half; that such defendant did not have the money to pay for his half and agreed that the plaintiff should pay

$4,000 and take title to two-thirds of the property, one-sixth thereof to be held as security for the repayment to him of the $1,000 which the plaintiff should so pay over and above his half of the purchase price; that the plaintiff acted upon these representations, paid the $4,000, and that the defendant Kakelty thereupon deeded the property, two-thirds to plaintiff and one-third to the defendant Huston.

The plaintiff contends that the allegations show that defendant Huston occupied such a relation to him in the transaction which led to the deeding of the property by Kakelty, that the benefits flowing therefrom must be mutually shared by said defendant and the plaintiff; while the claim of respondent. Huston is that the allegations show no such relation; that all that is made to appear therefrom is the fact that he made certain representations as to the value of the property, and that such representations, under well settled rules, are simply matters of opinion and not such that misstatements in relation thereto constitute a cause of action.

That the expression of an opinion as to the value of property offered for sale will not furnish any ground for relief against the party expressing the opinion, is well settled; but in the case at bar what is alleged to have been done by the defendant Huston was more than the expression of an opinion as to the value of the property. It amounted to a statement by him that Kakelty was to receive $6,000 for the property, and that he was willing to take a half interest in the property and pay one-half of the $6,000 to Kakelty; and the terms upon which the plaintiff agreed to take an interest in the property were that it should be a joint purchase by himself and defendant Huston from the defendant Kakelty. This being so, the law will

not allow said defendant to derive any benefits from the contract which are not shared by the plaintiff.

While the circumstances surrounding this case are different from those which were under consideration in the case of *Shoufe v. Griffiths*, 4 Wash. 161 (31 Am. St. Rep. 910, 30 Pac. 93), the principle therein announced is clearly applicable here, and under it it must be held that the defendant Huston must so account to the plaintiff that each will derive the same benefit from the contract of purchase.

- The only allegation by which it was sought to charge defendant Kakelty is contained in the thirteenth paragraph of the complaint, which is in the following language:

" That prior to the making of the said sale, the said defendant Huston and the said defendant Kakelty, conspiring together for the purpose of cheating and defrauding this plaintiff, had agreed that said defendant Huston should represent and pretend to the said plaintiff that the purchase price of the said lands was six thousand dollars ($6,000), and in order to enable the said defendant Huston to obtain an interest therein without paying therefor anything."

And in our opinion it is insufficient to warrant any recovery against him. It is true that it is alleged therein, in general terms, that he conspired with Huston for the purpose of defrauding plaintiff, but it is not shown that he in any manner derived or was to derive any benefit from any contract made by Huston with plaintiff; nor is it alleged that he said or did anything which led plaintiff to enter into the contract; nor is it shown that he in any manner aided or encouraged defendant Huston in his efforts to mislead or defraud the plaintiff. This being so, the bare allegation that he had agreed that said defendant Huston should make the misrepresentations is not

sufficient to make him liable to the plaintiff on account thereof.

The demurrer was rightfully sustained as to defendant Kakelty, but should have been overruled as to the defendant Huston. The cause will be remanded for further. proceedings in accordance with this opinion.

SCOTT, and GORDON, JJ., concur.

DUNBAR, J. (*dissenting*).— I concur in what is said by Chief Justice HOYT, in regard to the responsibility of defendant Huston, but I think the allegation above quoted is sufficient to put defendant Kakelty upon his answer. This kind of a charge is frequently not susceptible of an allegation more specific than was made in this case. It is certainly not necessary to set out the conversation between the conspirators; for that is purely evidentiary. It is alleged that they agreed to defraud the plaintiff, and the manner of defrauding, nothing more, should be required. For this reason I dissent from the disposition of this case made by the majority. The judgment should be reversed as to both.