[2251. Decided November 16, 1896.]

C. P. OUDIN, *Respondent*, v. CHARLES CROSSMAN *et ux.*, *Appellants*.

FRAUD — SUFFICIENCY OF EVIDENCE — COMMUNITY LIABILITY.

In an action to recover a sum of money, which plaintiff had been induced to pay for the purchase of a mine in reliance upon false representations of the defendants, evidence is admissible showing that the defendants had made representations to other parties than plaintiff, and to the people in the vicinity generally, regarding the existence and character of the mine and the value of its ores, such representations being part of one continuous scheme or transaction for the purpose of selling the mine to any one that could be induced to buy.

A judgment for plaintiff, in an action to recover money paid for the purchase of a mine, will not be disturbed when there is evidence tending to show that the mine in fact had no existence, the location being invalid, and that the ore exhibited as a sample did not come from the mine at all.

A judgment against husband and wife is warranted in an action to recover money which plaintiff was induced to pay for certain property upon the false representations of the husband, when title to the property was in the wife's name and the consideration therefor was community property.

Appeal from Superior Court, Spokane County.— Hon. JOHN McBRIDE, Judge *pro tem.* Affirmed.

*William T. Stoll*, for appellants:

The burden is on plaintiff to show the concurrence of the following, viz: That there were false representations of material facts made to him; that such were known to be false; that they were made to deceive and were acted upon; that damage resulted therefrom. Cooley, Torts, §§ 480–483; Bigelow, Torts, p. 2. The false representations must be the statement of a material fact, and not the mere expression of an opinion; the value of property or its utility for a given purpose is always a mere matter of opinion upon which men must necessarily differ. *Tuck v. Downiug*, 76 Ill. 71; *Parker v. Moulton*, 19 Am. Rep. 315; *Ellis v. Andrews*, 15 Am. Rep. 379; *Slaughter's Adm'r. v. Gerson*, 13 Wall. 385.

*Plummer & Thayer*, for respondent:

In the case here the defendant, Charles Crossman, occupied about a month in inducing people to buy into this alleged mine, and this so-called collateral testimony covered these transactions and were admissible not only for the purpose of showing intent and fraudulent motive, but were admissible also as *res gestae*, all these acts being a part of and inseperably connected with one single continuous scheme to unload this particular mine upon innocent purchasers by means of false representations; it was all one transaction, one enterprise, and the testimony was properly admitted. Where the intent is in question, evidence of collateral facts of a nature similar to the acts under investigation is admissible for the purpose of disclosing the intent and thus showing whether the false representations were planned or were made with knowledge of their falsity or were made in good faith. *Mudsill Mining Co. v. Watrous*, 61 Fed. 163; *Hoxie v. Insurance Co.*, 32 Conn. 21 (85 Am. Dec. 240); *Ross*

v. *Miner*, 35 N. W. 60; *Rafferty v. State*, 16 S. W. 728; *Jordan v. Osgood*, 109 Mass. 461 (12 Am. Rep. 731); *Castle v. Bullard*, 23 How. 174; *Butler v. Watkins*, 13 Wall. 457; *Insurance Co. v. Armstrong*, 117 U. S. 598.

The opinion of the court was delivered by

Scott, J.—The plaintiff brought this suit to recover a sum of money paid to the defendants for the purchase of a mine. The cause was tried without a jury and the findings and judgment were in favor of the plaintiff, and the defendants have appealed.

The first error complained of is over the admission of certain testimony, and it is contended that some of the necessary findings of the court are totally unsupported except by the testimony in question. This testimony related to representations made by the defendants, or by Charles Crossman, the husband, regarding the existence and character of the mine in controversy, and as to the value of the ores therein contained. It is urged that the same is inadmissible on the ground that the representations were not specifically made to the plaintiff, but were made to other parties, or to the people in the vicinity generally. We think this testimony was admissible. It is evident that the purpose of the defendants was to sell the mine to any one that could be induced to purchase it, and that it was all one continuous scheme or transaction, and the plaintiff was not precluded from showing such representations made in furtherance of that purpose, although the same were not made to him personally.

It is further contended that the findings are not sustained by the evidence, and that, if they are, they do not support the judgment. Without entering upon a discussion in detail of the points urged under these

heads, we think it sufficient to say that there was evidence tending to show that the mine in fact had no existence, the location being invalid, and that the ore exhibited as a sample did not come from the mine at all, and there was evidence to sustain the findings which the court made, and the facts found sustain the judgment entered.

·It is next contended that the plaintiff was not entitled to a judgment against Mabel Crossman, on the ground that it was not a community liability; but the alleged title to the mine was in her name and the consideration paid therefor was clearly community property, and this contention is untenable.

Affirmed.

GORDON, ANDERS and DUNBAR, JJ., concur.