[No. 2644. Decided December 13, 1897.]

Willis Thorp, *Respondent,* v. B. M. Smith, *Defendant,* Union Electric Company *et al., Appellants.*

FALSE REPRESENTATIONS — RECITALS IN BILL OF SALE ENABLING AGENT
TO DEFRAUD PRINCIPAL — INTENT.

The fact that a party dealing with an agent recites a false consideration in a contract for the sale of goods, thereby enabling the agent to defraud his principal as to the price paid, will not render such third party liable to the principal for damages,

if the false representation was not made for the purpose of enabling the agent to deceive his principal nor for the purpose of inducing the principal to act upon such representation to his detriment.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Reversed.

*J. T. Ronald*, for appellants.

*Harrison Bostwick (W. T. Scott*, of counsel), for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—The plaintiff, who resided at Juneau, Alaska, intending to start an electric light plant in that city, appointed the defendant, Smith, his agent, to proceed to Seattle to purchase the necessary machinery therefor, and entrusted him with a check for $3,000, drawn by Thorp on the Merchants' National Bank of Seattle to enable him to make a purchase, and such arrangements were made with the bank by Smith thereby that a credit of $3,000 was obtained at the bank, subject to Smith's check. A contract was entered into between the plaintiff represented by Smith, and the defendant, Union Electric Company, whereby said company sold to Thorp certain electric machinery for the sum of $625 in money and $1,000 in notes. The defendant, Hawley, an officer of the company, was the one who made the sale of the machinery for the company, and drew a written contract which was executed by Thorp on one side by Smith as his agent, and upon the other side by the company, which contract stated that the purchase price of the machinery was $3,000, and recited that $2,000 was paid in cash. This contract, with the notes in blank, were sent to Thorp, and he executed the notes and delivered them to the defendant company; Thorp afterwards settled with Smith on the basis of his having paid $3,000 for the property; Smith

had previously drawn $2,000 from the bank, out of which he paid the defendant company $625 and presumably retained the balance, at least there is no evidence tracing the money any further. Upon Thorp's learning the facts he brought this action to recover the difference between the recited price of $3,000 and the actual price paid, viz., $1,625, and the Union Electric Company and Hawley have appealed from a judgment in his favor. The appellants contend that there was no evidence tending to show that the price was recited as $3,000 in the bill of sale with any intention on their part to enable Smith to deceive Thorp, and that in the absence thereof there could be no recovery against them. The respondent contends that by reciting a false consideration of $3,000 in the agreement the appellants put it in the power of Smith to deceive Thorp to his injury and that they are liable for the consequences.

The respondent has cited many authorities on the proposition, substantially, that where a third party conspires with an agent to defraud a principal, such third party is liable to the principal for the damages resulting, and this must be conceded, but we think that the general rule is well settled that a party complaining of deception must show that such third party made such false representations with the intention that he should act upon them, and that it is not enough to show that false representations were made with a knowledge of their falsity. *Tacoma v. Tacoma Light and Water Co.*, 16 Wash. 288 (47 Pac. 738); 5 Am. & Eng. Enc. Law, p. 330; Mechem, Agency, § 796; *Wells v. Cook*, 16 Ohio St. 67 (88 Am. Dec. 436); *Marshall v. Hubbard*, 117 U. S. 415 (6 Sup. Ct. 806).

There is nothing in this case to bring it within the holding in *Oudin v. Crossman*, 15 Wash. 519 (46 Pac. 1047). Smith represented to Hawley and the company that he was personally interested with Thorp in the electric light plant,

and that they intended to turn it over to a stock company, and he requested that the contract should recite a consideration of $3,000 for the purpose of enabling them to get a better price for it. Hawley testified to this and also that it was only a fair price for the machinery; that Smith had purchased the same for much less than its actual value, and furthermore that it was not unusual to recite an increased price in such instances; that the same was done often to cover other contingent expenses connected with the undertaking not itemized; but however this may be, and conceding it was morally wrong to recite a greater consideration in the instrument than the one actually paid, that of itself constitutes no ground for a recovery, nor do we regard it as at all material whether Smith had an interest in the plant, or whether the appellants understood he had any; there is absolutely no proof going to show that either Hawley or the company received any part of the difference between the actual purchase price and the price stated, and it is not claimed by the respondent that there is any such evidence, nor is there any proof going to show that the increased price was stated for the purpose of enabling Smith to deceive Thorp. Hawley's testimony above mentioned was uncontradicted. Smith had power to draw the money from the bank irrespective of any purchase, although it might have been a violation of his duty as against his principal. He was Thorp's agent, selected by Thorp, and the appellants had a right to believe that it was Thorp's desire that the contract should recite the purchase price as $3,000. Thorp trusted Smith and was defrauded by him. But by an exercise of reasonable prudence he might have ascertained the true state of facts by an inquiry of the company as well before his settlement with Smith as he did afterwards. There was no attempt upon the part of the company to conceal anything, and there is nothing to show that the com-

pany had any knowledge of Smith's limited instructions from Thorp with reference to drawing the money from the bank, or that he drew any more from the bank than he paid the company in making the cash payment for the machinery, if that were material. There was nothing in the transaction to put the appellants on their guard in any way that Smith intended using the contract for the purpose of deceiving Thorp, and there was no basis for a recovery by Thorp against the appellants in this action. The question was raised in a number of ways by objections to proof and requests to charge, and the action of the court in ruling upon them was erroneous. The court proceeded upon the theory that it was immaterial whether the appellants intended that Thorp should be deceived as to the actual price paid, but were liable in consequence of having made a false recital in the contract, whereby Smith was enabled to deceive his principal.

Reversed and remanded with instructions to render judgment in favor of the appellants.

DUNBAR, ANDERS and REAVIS, JJ., concur.

GORDON, J., not sitting.