[No. 10411.   Department One.   October 28, 1912.]

FRANK M. CARNAHAN, *Respondent*, v. PAUL H. MOORE,
*Appellant*.[1]

FRAUD—DECEIT—MISREPRESENTING   PRICE   PAID—MEASURE   OF
DAMAGES.   Where defendant induced plaintiff to purchase, with him,
certain lands by misrepresenting the price paid, the plaintiff can
recover damages for the deceit, the measure being the difference
between the price paid by defendant and the price paid to him by the
plaintiff; the value of the land being immaterial as the plaintiff
is entitled to his profit.

FRAUD—DECEIT—EVIDENCE—ADMISSIBILITY.   In   an   action   for
damages for deceit in misrepresenting the price paid by defendant
for a forty-acre tract of land, one-half of which was taken by the
plaintiff, evidence of similar representations to another party who
took the other half of the land is admissible as tending to show the
representations made to the plaintiff, where the two sales were
parts of one and the same transaction.

Appeal from a judgment of the superior court for Pierce
county, Card, J., entered November 25, 1911, upon findings
in favor of the plaintiff, in an action in tort, after a trial on
the merits to the court.   Affirmed.

*Hayden & Langhorne*, for appellant.

*Fletcher & Evans*, for respondent.

CROW, J.—Action by Frank M. Carnahan against Paul H.
Moore, to recover damages arising out of fraud and deceit.
From a judgment in plaintiff's favor, defendant has appealed.

The evidence shows, that respondent, who came to the city
of Tacoma as a stranger in the latter part of the year 1909,
had some funds which he desired to invest in real estate; that,
in the early part of April, 1910, a mutual friend introduced
him to one Judson, who with appellant Moore was then en-
gaged in the real estate business; that respondent told Judson
he desired an investment which Judson could recommend, and

[1]Reported in 127 Pac. 195.

which could be readily turned at a profit; that Judson repeated this conversation to appellant; that, at the time, appellant had listed for sale, at $350 per acre, a 40-acre tract of land west of Tacoma, owned by C. S. Barlow and others, the record title to which then stood in the name of one Wilson; that, during the latter part of April, appellant told Barlow he could not sell the 40-acre tract for more than $9,500; that Barlow, on behalf of himself and associates, thereupon consented to sell it for that sum, and executed an agreement or option to Elizabeth B. Towle, appellant's mother; that about the same time, appellant directed respondent's attention to the tract, telling him it was a good investment, that it could be bought for $350 per acre, but that the owners would sell no part of it unless they could sell it all; that he had found a railroad man who would take the south 20 acres; that, if respondent would join appellant, they could purchase the north 20 acres at $350 per acre, and hold it together for sale at a profit; that on May 4, 1910, respondent accepted appellant's offer, paid him $2,250, and assumed $1,250 of a mortgage on the land; that, when this payment was made, appellant told respondent he desired to hold the title to his share in the name of his mother, Elizabeth B. Towle, and that it would be necessary to obtain her consent before closing the deal; that on May 7, 1910, appellant procured a conveyance of the 40-acre tract to his mother, Elizabeth B. Towle; that he paid Barlow and associates only $8,353.05; that for a stated consideration of $10, he, on May 10, 1910, caused Mrs. Towle to convey the land to him; that on the same day he conveyed an undivided half of the north 20 acres to respondent; that later he conveyed the south 20 acres to one Daub, the railroad man whom he had mentioned, and that, to induce Daub to make the investment in the south tract at $350 per acre, appellant made the same representations he had made to respondent. The decrease in the price at which appellant purchased the 40 acres from $9,500 to $8,353.05, was procured by appellant on account of a right

of way, and platted streets which occupied a portion of the land. The contract of sale from Barlow and associates, and later a deed from Wilson, were procured by appellant in the name of Elizabeth B. Towle, and a contract was given to respondent by appellant as her agent and in her name. Respondent contends, and the trial court found, that the use of the name of Mrs. Towle was a subterfuge to conceal the fact that appellant was himself purchasing the land from Barlow and associates, and that he was paying less than $350 per acre. The controlling question on this appeal is whether this finding should be sustained.

Upon reading the evidence, we conclude, that Mrs. Towle had no interest in the transaction; that the purchase from Barlow for $8,353.05, the execution of the deed from Wilson to Mrs. Towle, the execution of the contracts with appellant and Daub for sales to them at $350 per acre, the payment of the purchase money by respondent and Daub, and the execution of the deed from Mrs. Towle to appellant, all occurred within a brief period of time and were the several parts of one completed transaction. We conclude, that appellant was buying the land for himself and also for respondent and for Daub, who more than paid the entire purchase price, that from money received from them, appellant only paid a little more than $208 per acre for the land, although he at the time told respondent and Daub the land was actually costing him $350 per acre; that respondent and Daub both relied upon his representations; and that he defrauded respondent to the extent of $1,411.15, for which judgment was entered.

Upon these facts respondent is entitled to recover. Appellant contends that the land was purchased by Mrs. Towle and then sold to respondent. This contention is not sustained by the evidence. He further insists that respondent has not shown the land was of less value than $350 per acre, that he has not rescinded the contract, that no damages have been proven, and that he should not recover. This is an action for deceit and misrepresentation. Respondent was purchas-

ing with appellant, and was entitled to obtain his interest in the land at the price appellant was paying. Under such a state of facts, the correct measure of damages is the difference between the price paid by appellant and the price paid to him by respondent. The value of the land is not an issue, as respondent is entitled to whatever profit there may be in the investment over and above the actual cost. *Jameson v. Kempton*, 52 Wash. 106, 100 Pac. 186; *Hinton v. Ring*, 111 Ill. App. 369; *Johnson v. Gavitt*, 114 Iowa 183, 86 N. W. 256; *Mayo v. Wahlgreen*, 9 Colo. App. 506, 50 Pac. 40; *Bergeron v. Miles*, 88 Wis. 397, 60 N. W. 783, 43 Am. St. 911.

Where one party induces another to purchase land by misrepresenting the purchase price and agreeing that he will himself purchase an undivided half of the land at the price stated, the party making such false statements and representations will be compelled to account to his copurchaser on the basis of the entire benefit he may have received in buying the land, as he will not be permitted to charge his copurchaser a price in excess of that which he himself has paid. *Kennah v. Huston*, 15 Wash. 275, 46 Pac. 236; *Mayo v. Wahlgreen, supra*.

Respondent was permitted to introduce a deposition of Mr. Daub, the railroad man, who testified to similar statements and representations which appellant made to him about the same time, with reference to the 40-acre tract and its cost. Appellant insists the deposition was improperly admitted. The sale to Daub and the sale to respondent were parts of one and the same transaction, and it was competent to show appellant's misrepresentations and false statements to Daub, as tending to support the respondent's contention that similar representations were made to him. *Oudin v. Crossman*, 15 Wash. 519, 46 Pac. 1047.

The judgment is affirmed.

Mount, C. J., Gose, Chadwick, and Parker, JJ., concur.