[No. 18023.   Department Two.   September 11, 1923.]

JOE O'NEILL, *Respondent,* v. JOHN G. MATTHEWS *et al., Appellants.*[1]

EVIDENCE (127)—DOCUMENTARY EVIDENCE—LEDGER—SELF-SERVING DECLARATIONS. Upon an issue as to the making of a contract, appellant cannot submit his ledger in evidence.

APPEAL (389)—AMENDMENTS—CONSIDERED AS MADE. Failure to request a continuance upon the ground of a variance waives the objection, since the complaint will be deemed amended.

Appeal from a judgment of the superior court for King county, Hall, J., entered October 16, 1922, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract and for conversion. Affirmed.

*S. H. Kelleran* and *Poe, Falknor & Falknor,* for appellants.

*William E. Froude* and *Donworth, Todd & Higgins,* for respondent.

PEMBERTON, J.—This is an action by respondent against appellant for the recovery upon an oral contract and for the conversion of certain logging outfit and equipment belonging to respondent.

It is alleged in the complaint that, in July of the year 1916, respondent and one Burgess were copart-

[1]Reported in 218 Pac. 222.

ners, and had a contract agreement with appellants whereby they were logging five hundred acres of land in Kitsap county, Washington, belonging to the appellants; that, because of some disagreement, Burgess withdrew from the contract, and respondent succeeded to the rights and obligations of the copartnership, and executed to appellant a chattel mortgage upon the logging equipment in the amount of $2,000. It is further alleged:

"That plaintiff was not in fact indebted to the defendant at the time of the execution of said chattel mortgage; that at said time defendant owed plaintiff in the sum of approximately $2,640. . . .

"That, on, or about April 28, 1917, plaintiff and defendant John G. Matthews agreed to cancel said written contract executed by plaintiff and said Burgess to the defendant, and as a part thereof further agreed to cancel and set aside said chattel mortgage; that it was also agreed on said date that plaintiff should continue to log the aforesaid land for defendant John G. Matthews, as his employe, and that plaintiff should receive for such services adequate compensation.

"That pursuant to said oral agreement plaintiff continued to work as employe for defendant John G. Matthews for a period of 45 months.

"That plaintiff's services were reasonably worth $250 per month, save and except for a period of six months during which time his services were reasonably worth $150 per month."

For a second cause of action, respondent alleges:

"That the defendant John G. Matthews, subsequent to the termination of plaintiff's employment, about June 10, 1921, unlawfully appropriated and converted to his own use the entire logging outfit and equipment belonging to plaintiff; that the community composed of the defendants has received the benefit of the use of said equipment; that said equipment, at the time of said conversion, was reasonably worth $4,000.00."

Appellants in their answer denied the material allegations of the complaint of respondent. Respondent secured a verdict on the first cause of action in the amount of $6,500, and on the second cause of action in the amount of $300, which was set aside by the trial judge and judgment entered upon the verdict in the amount of $6,500, from which judgment this appeal is taken.

The appellants insist that the court erred in denying appellants' motion for judgment *non obstante veredicto,* in denying appellants' motion for a new trial, in refusing to admit in evidence appellants' ledger, and in receiving immaterial and irrelevant evidence offered by respondent.

Appellants insist that the evidence in support of the respondent's claim "is so weak, so uncertain, so unsatisfactory, so opposed to reason and common sense, and to the ordinary action of human beings that its weight is utterly insufficient to uphold the verdict." Upon a review of the testimony, we find that a number of witnesses testified in support of the respondent's contention, and must hold that the facts were questions for the jury.

To the contention of appellants that the court erred in refusing to submit the ledger into evidence, we find that the appellants testified fully as to the facts shown by the ledger.

"The ledger was clearly incompetent to prove the contract between the parties. The plaintiff testified himself and produced other witnesses to prove that he had made a contract with the defendant, but the fact that he subsequently wrote the name of the defendant over the account in the ledger where the goods were charged to Raven & Co., was no proof of what the contract was. See *Griesheimer v. Tanenbaum,* 124 N. Y. 650, 26 N. E. 957." *Bartlett v. Morgan,* 4 Wash. 723, 31 Pac. 22.

See, also, *Willamette Casket Co. v. McGoldrick,* 10 Wash. 229, 38 Pac. 1021; *Toutle Logging Co. v. Hammond Lumber Co.,* 78 Wash. 568, 139 Pac. 625; *Seal v. Long,* 112 Wash. 370, 192 Pac. 896.

It is claimed by appellants that respondent did not prove the cause of action set forth in his complaint, but some other cause of action; that there was a variance between the pleadings and the proof. The failure of the appellants to demand a continuance upon the ground that there was a variance, if any, constituted a waiver and in considering this case upon appeal we look to the proof and consider the complaint amended to meet this proof.

"Appellant did not claim surprise, nor did it ask for a continuance on account of the alleged variance. We are of the opinion that it is not in any position to complain of any alleged variance." *Umpqua Valley Fruit Union v. North Pac. Fruit Distributors,* 108 Wash. 265, 183 Pac. 101.

"That attack on the complaint, however, is not important or controlling at this time under § 1752, Rem. Code (P. C. § 7336), which provides that on appeal this court shall dispose of all causes upon the merits thereof, disregarding technicalities, and to consider all amendments which could have been made as made; . . ." *Gregg v. Gregg,* 117 Wash. 164, 200 Pac. 1084.

After a careful investigation of the record in this case, we are unable to sustain the contention of appellants that the verdict is the result of passion and prejudice on the part of the jury, or that the court committed error in the admission or refusal of evidence in the case.

The judgment is affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PARKER, JJ., concur.