[No. 18596.   Department Two.   October 24, 1924.]

## GRACE HAHN, *Respondent,* v. EDNA BRICKELL *et al.,* *Appellants.*[1]

APPEAL (389)—REVIEW—PLEADINGS—AMENDMENTS REGARDED AS MADE. The supreme court will consider the complaint amended to conform to proof, admitted without objection.

FRAUD (18)—MISREPRESENTATIONS — EVIDENCE — ADMISSIBILITY. In an action for fraud in the sale of hotel fixtures, in misrepresenting the rents of the business, evidence is admissible of defendant's similar misrepresentations to a broker with whom she listed the property a few days prior to the sale.

SAME (3) — FALSE REPRESENTATIONS — MATERIALITY OF STATEMENTS. A representation that the volume of a business sold was $400 per month, when in fact it was only $200, is material and actionable.

SAME (6, 7) — RELIANCE ON REPRESENTATIONS — DUTY TO INVESTIGATE. The purchaser of a hotel business and fixtures has a right to rely on the seller's representations as to the volume of the business done.

SAME (8) — RELIANCE ON REPRESENTATIONS — KNOWLEDGE OF FACTS. The fact that the purchaser of a hotel business had notice of the falsity of the seller's representations before closing the deal, is not a defense to an action for fraud, where she had made a part payment of $800 before discovering the fraud.

TRIAL (101) — INSTRUCTIONS — REQUESTS. In an action for fraudulent representations in the sale of a hotel business, it is not error to refuse an instruction that fraud is not presumed and must be established by clear and convincing proof, where the court instructed that each necessary fact must be proven to a reasonable degree of certainty to the satisfaction of the jury by a fair preponderance of the evidence.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered December 12, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action for rescission. Affirmed.

*E. W. Robertson,* for appellants.

*Corkery & Corkery,* and *Robert Corkery,* for respondent.

[1]Reported in 229 Pac. 739.

PEMBERTON, J.—The respondent recovered judgment against appellants in the amount of $800, paid to appellants upon a contract for the purchase of the furniture and fixtures of the Stanley Hotel in Spokane, from which judgment this appeal is taken.

It is alleged in the complaint that, on or about the 27th day of March, 1923, the appellants entered into a contract with the respondent for the sale of the furniture and fixtures of the hotel for the sum of $2,000, $800 of which was paid in cash. It is further alleged in the complaint:

"II.

"That as an inducement to the plaintiff to enter into contract, the said Brickell represented to the plaintiff that said hotel consisted of thirty-two (32) rooms and was then bringing in a gross of Four Hundred forty ($440) Dollars per month, of which Two Hundred ($200) Dollars was clear profit, and that all of said rooms were rented for not less than Six ($6.00) Dollars per week and not to exceed Ten ($10.00) Dollars per week.

"IV.

"That the said defendant knew at the time of said sale that the business of said hotel was valueless and that the income thereof was less than the expenditures of operating said hotel and that all of said representations were false and fraudulent and made by the defendant for the purpose of deceiving plaintiff.

"V.

"That, immediately upon discovery of the true facts with reference to the income and condition of said hotel, the plaintiff immediately notified the defendant that she would rescind said contract and tendered the possession of said place back to the said defendant, who has refused to accept the same."

The appellants filed a demurrer to the complaint. It is contended by appellants that the court erred in overruling the demurrer because the complaint fails

to allege that the respondent relied upon the fraudulent representations of the appellants.

The following questions were asked of the respondent:

"Q. Did you rely on their statements of Hoyle and Mrs. Brickell as to what the hotel would bring in? Mr. Robertson: I object on the ground that it contains a dual question, as to Hoyle and Brickell, coupling two together in such a way it is impossible to tell which he has in mind. The Court: The objection will be sustained. You can separate them, if you can. Q. Did you rely upon what Mrs. Brickell told you with reference to the income of the hotel and believed, and buy it relying on them? A. Yes, sir. I did. Q. I will ask you if you also relied on what Mr. Hoyle told you with reference to what the income would be? A. Yes, sir."

This testimony was admitted without objection, and under § 1752, Rem. Comp. Stat. [P. C. § 7336], providing that "the supreme court shall hear and determine all causes removed thereto in the manner hereinbefore provided, upon the merits thereof, disregarding all technicalities, and shall upon the hearing consider all amendments which could have been made as made," we must consider the pleadings amended to conform to the testimony.

It is next contended that the court committed error in the admission of the testimony of the witness Towne as to representations made to her, the testimony being as follows:

"Q. What amount, if any, did Mrs. Brickell represent the hotel was bringing in at the time she attempted to sell? Objection: I object to that as incompetent, irrelevant and immaterial. The Court: The court will hear any statements Mrs. Brickell made just at that time. A. She said around about $400, if I remember correctly. Mr. Robertson: I move to strike the answer of the witness as not being proper or competent proof;

a statement of some third party on some previous occasion. There is no allegation here or charge in the complaint which requires us to meet any such proof as this. The Court: Motion denied.''

Mrs. Towne was a real estate agent and the property had been listed with her for sale by Mrs. Brickell a few days prior to the purchase by respondent, and at that time gave the income of the hotel about $400.

Representations of fact made to third parties are admissible as one transaction. *Oudin v. Crossman,* 15 Wash. 519, 46 Pac. 1047.

The appellant next contends:

''First, she has not shown that any material representation which she claims was made to her was false.

''Second, she had ample opportunity to obtain all the facts which are now in her possession before making the contract.

''Third, she did actually obtain them before she took possession of the hotel.

''Fourth, her evidence is neither clear nor convincing.''

Upon the question of whether the representations were material, certainly to represent that the income of the hotel was $400 a month, when in fact it was only $200; that it would net to its owner $200 a month, when in fact the expenses of operation were such that there would be no income, were material.

''The financial condition of the company, the volume of its business, the amount of its income and expenses, and what these had been in the past, were all matters peculiarly within the knowledge of the appellants and not easily ascertainable by respondent.'' *Boehme v. Broadway Theater Co.,* 91 Wash. 104, 157 Pac. 218.

To the contention that respondent had ample opportunity to obtain all the facts, the testimony itself shows that the ledger of the hotel was shown to the respondent. This, however, would not necessarily show the

income and expenses. Respondent had a right to rely upon the representations made.

"The governing principle as sustained by the trend of modern authority and by all of the more recent decisions of this court is tersely stated in *Christiansen v. Koch,* 85 Wash. 472, 148 Pac. 585, as follows:

" 'Ordinary prudence does not require a person to test the truthfulness of representations made to him by another as of his own knowledge with the intent that they shall be believed and acted upon, even though the party to whom such representations are made may have an opportunity to ascertain the truth for himself.' " *Community State Bank v. Day,* 126 Wash. 687, 219 Pac. 43.

The contention that respondent actually obtained the information concerning the income of the hotel before she took possession of the same is answered by the fact that she did not obtain this information until after she had paid $800 as part payment upon the purchase price.

The appellant contends that the evidence of respondent is neither clear nor convincing. After reading the testimony we are satisfied that there was sufficient evidence to support the verdict of the jury.

Appellant requested the court to give the following instruction to the jury:

"The court instructs the jury that fraud is never presumed; that the presumption, on the contrary, is in favor of honest and fair dealings, and that in order to establish fraud it is necessary that the party claiming to have been defrauded shall establish such fact by clear and convincing proof."

It is contended that the court erred in refusing to give this instruction to the jury. The court, however, gave the following instruction which clearly tells the jury that the evidence to establish fraud must be clear and convincing.

"Each of these facts must be proved to a reasonable degree of certainty and all of them must be found to exist. The absence of any one of them is fatal to recovery, and if any one of these facts have not been established to your satisfaction by a fair preponderance of the evidence your verdict should be for the defendants."

There being no error and the jury being the exclusive judges of the facts, the judgment is affirmed.

HOLCOMB, FULLERTON, and MACKINTOSH, JJ., concur.