[No. 21456. Department One. January 24, 1929.]

BELLE McGUIRK, *Respondent*, v. WARREN L. GAZZAM
et al., *Appellants*, C. A. BUSHNELL et al.,
*Defendants.*[1]

*Haight & Haight*, for appellants.

*S. H. Kelleran* (*A. L. Erickson*, of counsel), for
respondent.

HOLCOMB, J.—The original complaint by respond-
ent in this action was verified on November 29, 1927,
and filed on December 31, 1927. A second amended
complaint was verified by her on February 13, 1928,
and filed February 14, 1928. Appellants verified and
filed their answer to the second amended complaint,
answering to the merits of the action, on February 25,
1928.

The action is upon an assigned account for money
alleged to be due one Nancy Johnson as manager of

[1]Reported in 274 Pac. 176.

an apartment house in Seattle. The claim set forth in the second amended complaint was based upon an oral contract made by appellant Warren L. Gazzam, acting for himself and all the other appellants, and defendants who were dismissed at the conclusion of the trial, to the effect that Mrs. Johnson was to be paid at the rate of $150 a month during the time she operated the apartment house; that she operated it during the period from February 26, 1927, to August 20, 1927, was paid the sum of $254.83 and that there was consequently due her the sum of $607.67.

The second amended complaint substantially followed the original complaint, except for making additional parties defendant, Gazzam and wife only having been made defendants in the original complaint.

The answer to the second amended complaint alleged a contract of settlement growing out of the relations existing between the parties prior to April 1, 1927, which was set forth in the answer at length. The settlement alleged was that Mrs. Johnson was to receive $150 a month from April 1, 1927, to the time when the furniture in the apartment house was sold for a sum sufficient to make up losses incurred by appellants in the apartment house, amounting to approximately $5000; that such a contingency never happened, the furniture being sold in January, 1928, for about $2500; that Mrs. Johnson received the sum of $254.83 in full payment for her services.

The court found that the contract was that Mrs. Johnson was to be paid at the rate of $150 a month from April 1, to August 5, 1927, when the furniture should be sold, but irrespective of the price received. Certain deductions were found due appellant, and after making such deductions there was found to be due the sum of $425 to respondent as the assignee of Mrs. Johnson.

The trial was had before the court, without a jury, on April 2, 1928, after the furniture had been sold. The second amended complaint was, in fact, verified and filed after the sale of the furniture.

The errors relied upon by appellants are in the finding of the court that Mrs. Johnson was to be paid $150 a month when appellants should make a sale of the furniture, but irrespective of the price for which the furniture was sold; and in concluding that respondent was entitled to a judgment in the sum of $425, entering judgment thereon; and in not dismissing the action as to appellants.

Two questions are argued by appellants:

 The finding of the court that the contract entered into on April 1, 1927, was that Mrs. Johnson was to be paid $150 a month from then to the date when the furniture should be sold regardless of the amount received for the furniture.

Upon this question there is a direct conflict in the evidence and, having examined the evidence, we can find no preponderance against the finding. Hence, we cannot disturb it.

 That the court should have dismissed the action upon it appearing from its findings that the compensation was not due at the time the action was commenced, and the action was therefore prematurely brought.

Texts and cases are cited upon the point of the prematurity of the action, and it is contended that when it appeared that the action was not mature when commenced, it should have been dismissed without prejudice to the right of respondent to bring another action after the maturity of her claim.

1 C. J. 1147, 1149, and a number of our cases are cited to sustain that point.

The trial court based its action upon Rule III relating to pleading, procedure and practice adopted by this court January 14, 1927, 140 Wash. xxxvi. (Rem. 1927 Sup., § 308-3.)

Subdivision 2, Rule III, in part provides:

"The court, upon motion, at any stage of an action, may order or give leave to either party to alter or amend any pleading, process, affidavit or other document in the cause, to the end that the real matter in dispute, and all matters in the action in dispute, between the parties may be completely determined as far as possible in a single proceeding. . . ."

Subdivision 3 reads:

"Subject to the rules as to joinder of parties and of causes of action, an amendment to the complaint may introduce any new or different cause of action, or add new or different parties."

These rules were adopted in conformity with Chapter 118, Laws of 1925, Ex. Ses., p. 187; Rem. 1927 Sup., § 13-1 et seq.

The preamble of that act reads:

"An act to promote the speedy determination of litigation on the merits and authorizing the supreme court to make rules relating to pleading, procedure and practice in the courts of this state."

While this is a case of first impression under that particular rule, we think it peculiarly applies to the situation in this case. Even had the cause of action not accrued when the second amended complaint was filed, to which appellants answered on the merits, all the evidence in the case was heard and, under subdivision 2 of Rule III, the trial court would have been authorized to allow an amendment of the complaint at the trial to conform to the proof.

Under subdivision 3, Rule III, an amendment to the complaint introducing a new or different cause of ac-

tion, or adding new or different parties to conform to the proof, and to promote a speedy determination of the litigation on the merits, would properly have been granted. The texts and authorities cited by appellants are therefore not applicable.

We find no error, and the judgment is affirmed.

MITCHELL, C. J., FULLERTON, and PARKER, JJ., concur.

TOLMAN, J. (concurring)—I concur in the result solely upon the ground that the defense that the action was prematurely brought should have been raised by a plea in abatement. Not having been so raised, that defense was waived and therefore the judgment should be affirmed.