[No. 23421. Department One. March 8, 1932.]

RICHARD VAN VLIET, *Respondent*, v. WASHINGTON NURSERY COMPANY *et al.*, *Appellants.*[1]

*Hugo F. Luhman,* for appellants.

*Rigg, Brown & Halverson,* for respondent.

MILLARD, J.—In the spring of 1925, the plaintiff planted a large number of peach trees purchased from the Washington Nursery Company and represented by the seller to be "J. H. Hale" peach trees. Discovering in 1929 that the trees were not of the quality and variety represented, the plaintiff com-

[1]Reported in 8 P. (2d) 961.

menced this action against the nursery company and the statutory surety of the latter to recover damages alleged to have been sustained by reason of the misrepresentation. The plaintiff alleged, ''that had such trees been J. H. Hale peach trees as warranted, said lands would be worth $4,000 more than they are at this time.''

Defendants admitted the sale of the trees to the plaintiff, but denied any implied or expressed warranty of the nursery stock, and as an affirmative defense pleaded the following provision of the written order limiting the liability of the nursery company:

''While every precaution is taken to prevent error in varieties, it is mutually agreed that in case any stock sold on this order shall prove untrue to name, the nursery shall refund purchase price, replace free or top graft the tree at the option of the purchaser, and shall in no case be held further responsible.''

The cause was tried to a jury, which returned a verdict for seven hundred dollars in favor of the plaintiff against both defendants. From the judgment entered upon the verdict, their motion for judgment notwithstanding the verdict having been overruled, the defendants appealed.

Appellants first contend that the action should have been dismissed on the ground of total failure of proof, as the measure of damages is the difference in value of the orchard at the time (1929) such fact was discovered and as it would have been at that time if the trees had been true to name; that proof of damages measured on the value of the land in 1931, when the action was instituted, must be disregarded.

''Where trees of an inferior kind are delivered and planted by the buyer in ignorance of the facts, the measure of damages is the difference in the value of the premises with the inferior trees and the value if

the trees had been as ordered. This difference is to be estimated at the time the trees first began to bear fruit, or whenever the breach of warranty was first discovered." Sedgwick on Damages (9th ed.), p. 1611.

■ We have no quarrel with the rule which appellants seek to invoke. The rule is not applicable to the case at bar. The complaint clearly alleged that the damages to the respondent's lands "at this time" are four thousand dollars, by reason of the nursery company's misrepresentation. The trees were planted in 1925. The true character of the trees was discovered in 1929. That discovery could not have been made earlier. This action was begun in 1931.

Appellants did not object to the testimony that the damages sustained were the difference in value of the land in 1929 if the trees had been "J. H. Hale" peach trees and the value of the land "in its present shape." If there were a variance between the pleading and the proof, the appellants are in no position to now complain, as they did not object to the testimony when it was introduced. We would under such circumstances consider the pleading amended to conform to the proof. *Hahn v. Brickell,* 131 Wash. 212, 229 Pac. 739; *O'Neill v. Matthews,* 126 Wash. 360, 218 Pac. 222; *McGuirk v. Gazzam,* 150 Wash. 554, 274 Pac. 176.

Appellants may not now successfully urge as error the trial of the cause upon the theory that the damages sustained were the difference between the value of the land in 1929, if the trees had been as represented, and the value of the land at the present time with those trees still on the land.

■ The jury's verdict foreclosed the next question raised by appellants. It is contended that respondent cannot recover on an implied warranty because of the written order, under the terms of which the liability of the nursery company was limited to refunding the

purchase price, or replacing or top grafting the defective trees.

The testimony as to whether the contract was or was not actually signed and delivered by the parties was conflicting. The jury was properly instructed as to that question of fact. By its verdict, the jury found that respondent did not sign the contract.

It is next contended that, though the nursery company is held responsible, the appellant surety is not liable upon its bond.

The statute provides:

"Every nurseryman or dealer in nursery stock, applying for a license under this act shall make, execute and file with the commissioner of agriculture a bond running to the state of Washington, in the sum of one thousand dollars with surety or sureties to be approved by the commissioner, conditioned for the faithful compliance by the applicant with all of the provisions of this act and the laws of the state of Washington relating to the sale, disposition, delivery, inspection and disinfection of nursery stock grown, dealt in, imported, sold, handled or delivered by him during the term of the license applied for and the term or terms of any renewal of the same, *and conditioned further that all nursery stock sold or delivered by him during said term or terms shall be true to name, age, and variety as represented,* . . ." Rem. Comp. Stat., § 2859. (Italics ours.)

If nursery stock is not as represented by the nurseryman, the buyer has a right of action against the surety on the bond of the nurseryman.

"It shall be unlawful for any person to deceive or defraud any person on the sale of any nursery stock by substituting inferior or different varieties from those ordered, or to willfully or intentionally bring into this state or to offer for sale or distribution within this state or to ship, sell or deliver upon any sale any nursery stock that is infected, and in case of any such deceit, fraud or substitution, the person, firm or cor-

poration damaged or injured thereby shall have re-
course against the bond filed by the licensed nursery-
man or dealer from whom such stock has been pur-
chased, for all damages sustained, which damages may
be recovered at the suit of the party injured against
the nurseryman or dealer causing the damage and the
sureties on such bond in any court of competent juris-
diction." Rem. Comp. Stat., § 2861.

In the case at bar, the bond, which is approved as to
form by the proper state official, contains a provision
that the principal (the nursery company) and the
surety (the Fidelity & Deposit Company of Maryland)
are bound "jointly and severally." Under such a
bond, the aggrieved party has the undoubted right to
proceed against the surety alone, or he may sue both
the principal and surety. If nursery stock is "not
true to name, age, quality or variety, as represented
by said principal," and the buyer is injured because
of such misrepresentation, the aggrieved party has a
right of action against the principal and surety, who
are "jointly and severally bound." The bond, so far
as material, reads as follows:

"The condition of this obligation is such that, if the
above bounden principal shall during all of said year
faithfully comply with the provisions of Chapter 166,
Session Laws of 1915, and with all of the laws of the
state of Washington relative to the sale, disposition,
delivery, inspection and disinfection of nursery stock,
fruit trees or horticultural plants grown, dealt in, im-
ported, sold, handled or delivered by said principal,
and shall pay the cost of inspection and destruction of
all infected nursery stock or other material or goods
imported into or sold within this state by the above
bounden principal, his agents or employees, and shall
pay to any persons any and all damages that may be
suffered by them by reason of the sale, delivery, dis-
tribution or shipment into or within this state of in-
fected nursery stock, fruit trees or horticultural
plants, or by reason of the fact that all nursery stock,

fruit trees or horticultural plants sold or delivered in this state by the aforesaid principal shall not be free from pests or diseases guarded against by said law, or shall not be true to name, age, quality or variety, as represented by said principal, then this obligation to be void; otherwise to remain in full force and effect.''

The trees were not of the quality and variety represented by the nursery company; that is, they were ''not true to name, age, quality or variety.'' Whether the seller knew or did not know the trees were of the quality represented by it, is not material. The nursery company was charged with the duty of knowing whether the representation it made was true. The respondent was induced by false representation of a material fact to part with his money.

The principal and surety are jointly and severally liable for the damages sustained by the respondent.

The judgment is affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.