[No. 15827. Department Two. September 3, 1920.]

C. F. SEAL *et al., as Sequim Trading Company,*
*Appellants,* v. J. R. LONG *et al., Respondents.*[1]

ACCOUNT, ACTION ON (3)—NOVATION (7)—EVIDENCE—ADMISSIBILITY. In an action on an account in which defendants claimed a novation agreement whereby purchasers of their sawmill assumed the account and they were thereby released, evidence as to delivery of the merchandise comprising the account and whether items of credit thereon were for lumber delivered by the purchaser of the mill was admissible on the question of whether there had been a novation.

APPEAL (401)—REVIEW—DISCRETION—ORDER OF PROOF. Permitting improper cross-examination of a witness by defendants which in effect made him their own witness was but allowing the introduction of evidence out of its natural order and within the discretion of the trial judge, to be reviewed only for abuse of discretion.

FRAUDS, STATUTE OF (7-1) — AGREEMENTS NOT TO BE PERFORMED WITHIN ONE YEAR—NOVATION. An agreement of novation is not void under the statute of frauds for the reason that the plaintiffs agreed at that time to allow the purchaser of a mill to satisfy the assumed account by payments extending over a period of one year, where the agreement of novation was complete and separable and a consideration for the transfer of the property at the time it was made, and unaffected by the agreement as to the time of payment of the assumed account, which was wholly between the plaintiffs and the purchasers of the mill.

[1]Reported in 192 Pac. 896.

NOVATION (7)—EVIDENCE—ADMISSIBILITY. In an action on an account in which defendants claimed a novation agreement whereby purchasers of their mill assumed the account and they were released, the written bill of sale given by defendants to the purchasers is the best evidence of the transfer of the property and was admissible for that purpose, and not objectionable as failing to show release of the original debtors, or to sustain the defense of novation, or as not conforming to the novation agreement as alleged in defendants' answer.

APPEAL (413)—REVIEW—VERDICT. Findings of the jury on conflicting evidence will not be disturbed on appeal.

EVIDENCE (127)—DOCUMENTARY EVIDENCE—ACCOUNT BOOKS—SELF-SERVING DECLARATIONS. In an action on an account in which defendants claimed a novation agreement whereby purchasers of their mill assumed the account and they were released, it was not error to refuse to admit plaintiff's account books in evidence to show that no transfer of the assumed account had been entered therein, since the same would amount to the admission of self-serving declarations, and not as declarations against interest.

TRIAL (101)—INSTRUCTIONS—REQUESTS. It is not error to refuse requested instructions which, so far as material, were embodied in the instructions given.

NEW TRIAL (10)—GROUNDS—MISCONDUCT OF PARTIES—EXAMINATION OF WITNESSES. In an action on an account in which defendants claimed a novation agreement whereby purchasers of their mill assumed the account and they were released, and in which some question was raised as to the manner in which defendants had become possessed of the bill of sale, the natural inference being that it never had been delivered to the purchasers, it was not error to refuse plaintiffs' motion for new trial on the ground of prejudice in allowing a witness to refer to a mortgage foreclosure by plaintiffs against defendants concerning the property described in the bill of sale; since the evidence was a part of the proofs in explanation of defendants' possession of the bill of sale, and no prejudice resulted to plaintiffs.

Appeal from a judgment of the superior court for Clallam county, Hall, J., entered December 11, 1919, upon the verdict of a jury renderd in favor of the defendants, in an action on contract. Affirmed.

*A. W. Buddress,* for appellants.

*T. F. Trumbull,* for respondents.

FULLERTON, J.—The appellants, C. F. Seal and wife, dealers in general merchandise, Clallam county, brought this action against the respondents, J. R. Long and wife, to recover the sum of $1,557.78, alleged to be a balance due for merchandise sold and delivered by them to the respondents between May 1, 1916, and October 31, 1917. The account was itemized in the complaint and showed in detail the debits and credits. The respondents, on answering the complaint, admitted that the merchandise therein alleged and set forth was sold and delivered to them and that, subject to errors in computation, the prices charged and the credits given were correct, but denied that the sum claimed was due from them to the appellants, or that any greater sum was due on the account than $57.78. For a further and separate answer, they set up the following:

"That on or about the 18th day of January, 1917, these defendants were indebted to the plaintiffs upon the account set forth in the complaint herein in approximately the sum of $1,583.79. That on and prior to said dates these defendants were the owners of a sawmill plant located and being operated on the farm of C. W. Lawrence, near Sequim. That on said 18th day of January, 1917, the defendants were about to sell said sawmill plant to Liem & Berry, a copartnership, for the sum of $3,000, and said plaintiffs insisted that in consummating said sale the amount owing from these defendants to plaintiffs should be provided for. That at said time and in accord with the demands of the plaintiffs, and in order to bring about a settlement and adjustment of the account of the plaintiffs against the defendant, the defendant offered and agreed to and with plaintiffs that, if plaintiffs would release and discharge defendants from all further liability upon said account, he would cause said Liem & Berry to assume and agree to pay to plaintiffs the sum of $1,500, said assumption and agreement of said Liem & Berry

to be part of the consideration for the sale of said saw-mill plant. That said plaintiffs agreed to and accepted said offer of settlement, and in accordance therewith said Liem & Berry assumed and agreed to pay the said plaintiffs said sum of $1,500, and plaintiffs released and discharged defendants from all further liability by reason of said account, and since said time has looked to said Liem & Berry for the payment of said $1,500 and has accepted payments from them.''

The appellants replied to the new matter in the answer, denying generally the allegations thereof.

The issues of fact raised by the pleadings were tried by the court sitting with a jury, and resulted in a verdict for the appellants for the sum admitted by the respondents to be due, and from the judgment entered thereon, this appeal is prosecuted. The assignments of error will be noticed in the order in which the appellants present them.

In their case in chief the appellants called as a witness the appellant C. F. Seal, and inquired of him whether the appellants had any other account against the respondents than the account set forth in the complaint, and whether that account had been paid, to all of which he answered in the negative. On cross-examination the witness was asked, and, over the objection of the appellants to the effect that the account was admitted and the matter inquired of outside of the issues, was permitted to answer that the merchandise comprising the items of the account sold prior to the sale of the mill was delivered at the mill, and that the items delivered subsequent to the sale of the mill were delivered at the respondents' home. He was further asked whether the sum of the items of credit appearing on the account were not credits for lumber delivered to him by the purchasers of the mill. This was objected to for the reasons first assigned, and the objections

being overruled, the witness answered in the negative. Later on in the trial, while the respondent J. R. Long was testifying on behalf of the respondents, he was asked and permitted, over the appellants' objection, to answer concerning these credits to the effect that he had delivered no lumber or invoices for lumber to the appellants which could give rise to them. Concerning this testimony, the appellants' counsel say:

"It will, therefore, be observed that the court permitted defendants, first, on the cross-examination of the plaintiff Seal, and next on the direct examination of the defendant J. R. Long, as well as on that of his son, to go fully into this account for the purpose of discrediting the plaintiff C. F. Seal, and to impeach him by showing that he had given 'false' 'lumber' and 'labor' credits to Long, on this account, after Long had sold out, instead of giving these credits to the purchasers, Liem and Berry, and that Seal did this for the purpose of bolstering up his case by an attempt to 'refasten' this transferred account back onto Long. That these rulings were highly prejudicial to plaintiffs, requires no argument."

But we cannot think counsel's criticism just. Since the question whether there had been a novation was the principal matter at issue, the respondents had the right to introduce any relevant evidence tending to elucidate the issue, and clearly evidence tending to show that the appellants had received payments from the purchasers of the mill and credited the payments on the account incurred by the respondent was relevant to that issue. Its probative force may not have been strong on the question of release, as the appellants undoubtedly could have accepted the purchasers of the mill as the principal obligators without releasing the respondents, but here there was a denial of any assumption on the part of the purchasers and the evidence plainly bore upon that question. To inquire of

the witness Seal concerning the matter was not, of course, proper as cross-examination, and the respondents, in effect, made him their own witness. But this was but to introduce evidence out of its natural order, and was so far within the discretion of the trial judge as to be reviewed only for an abuse of discretion. We cannot see how in any manner the appellants could have been prejudiced by it, and cannot, therefore, find such an abuse as to require a new trial.

The second assignment is that the evidence is insufficient to show a novation. The respondents' evidence was to the effect that, at the time the agreement of novation was made, the appellants agreed with the purchasers of the mill that they could satisfy the assumed account by monthly payments of fifty dollars in cash and by delivering monthly to the appellants lumber to the value of fifty dollars. This, it will be observed, extends the time of payment over a period of one year, and it is argued that the agreement of novation is void under the statute of frauds because not in writing and not to be performed within a year. But the agreement of novation and the agreement as to the time of payment of the assumed account were separable, or, perhaps better, entirely unconnected. The agreement of novation was complete, in so far as the respondents were concerned, when the agreement was entered into, and they transferred the mill property in consideration thereof. The agreement as to the time of payment of the assumed account was wholly between the purchasers and the appellants, and the fact that this agreement may have been invalid as between them could not affect the principal contract, which was fully executed.

The third assignment is that the court erred in admitting in evidence the written bill of sale given by the respondents to the purchasers. It is argued that

it was inadmissible, first, because it does not purport to and does not relieve the original debtors from their obligation; second, that it is not sufficient to sustain the defense of novation because made without knowl- edge or consent of the appellants; and third, because it does not conform to the original agreement of nova- tion set forth in the answer of the respondents. But we cannot think either of these objections tenable. The purpose of its introduction was to show the transfer of the mill property to the purchasers. Of this fact it was the best evidence, and since the fact was one competent to be shown, it was clearly admissible for that purpose. Had the respondents' case rested en- tirely upon the bill of sale, doubtless it would have been faulty for the reasons suggested. But this was not the fact. Their case was substantiated by evidence of which this was only one link in the chain of proofs.

In this connection it is also argued that the evidence is insufficient to show a release of the obligation on the part of the appellants, or an agreement to assume it on the part of the purchaser of the mill. But on these questions there was clearly a conflict in the evidence, and since the jury found for the respondents, we have no warrant to interfere.

The fourth assignment is that the court erred in re- fusing to admit in evidence the account books of the appellant showing the items of account between the appellants and the purchasers of the mill entered sub- sequent to the purchase; the purpose being to show that neither the account alleged to have been assumed, nor the items for lumber claimed by the respondents to have been delivered to the appellants by the pur- chasers of the mill, were entered therein. But this was not error. It is true, as the appellants argue, that had the appellants transferred the account in dispute on

his account books from the respondents to the purchasers of the mill, the respondents could have shown the fact as supporting their contention that there had been a novation, but the converse of the rule, as they further argue, does not follow. The respondents' right to show the fact rests on the principle which permits admissions and declarations against interest made by the adverse party to be shown, but the rule does not permit a party to show his prior declarations, self-serving in their nature, as evidence in his favor. There are, of course, well defined exceptions to the rule, but these need not be noticed, as they are without application to the evidence here offered. But we cannot regard the question as being very material in any event. The evidence, taken as a whole, shows that the appellants made no transfer of the account on their books, and it could hardly have been made more conclusive had the rejected evidence been admitted.

The fifth assignment of error involves questions heretofore discussed and requires no further notice. The sixth assignment relates to the refusal of the court to give certain requested instructions. These require no special consideration. In so far as they were material they were embodied in the instruction given, and this satisfies the rule.

The appellant filed a motion for a new trial, which the trial court overruled. The motion was supported by the affidavit of the appellant C. F. Seal in which he swears:

"That defendants for the purpose of misleading and prejudicing the jury against plaintiffs, wrongfully and wilfully had defendants' witness, Andrew Severyns, refer to a chattel mortgage foreclosure proceedings by this affiant against defendants, covering all of said property described in said bill of sale, from J. R. Long

to Liem and Berry, whereby this affiant obtained all of said property."

The evidence on which this charge is based is the following:

"Q. I show you Exhibit 1. Did you ever see that before? A. Yes, sir. Q. Did you ever have it in your possession? A. Yes, I have had this in my possession for I guess over two years. Q. Where did you get it? A. Why, Liem, and I believe a man by the name of Drake, gave it to me. Q. It came into your possession as attorney for Liem & Berry? Mr. Buddress: Objected to as leading. Q. All right. How did it come into your possession? A. Why, I believe there was a mortgage forclosure suit on at that time between Mr. Seal and Mr. Liem on the saw mill. Mr. Buddress: I object to that. It is immaterial and outside of the issues of this case. The Court: Objection sustained. He may tell who delivered it to him. A. Why, Mr. Liem and a man by the name of Drake delivered it to me."

The witness interrogated was the witness Severyns referred to in the affidavit. The exhibit shown the witness was the bill of sale from the respondents to the purchaser of the mill. Theretofore in the course of the trial some question had been made as to the manner in which the respondent had come into possession of the bill of sale—the inference naturally arising from the facts shown being that the bill of sale had never been delivered. This evidence was a part of the proofs in explanation of the fact. Seemingly no comment is required. Plainly there was no substantial ground for the charge made, and no error requiring reversal.

The judgment is affirmed.

Holcomb, C. J., Mount, Tolman, and Bridges, JJ., concur.