[No. 29365-6-I. Division One. May 22, 1995.]

MONICA NICOLE WILSON, ET AL, *Appellants*, v. OVERLAKE HOSPITAL MEDICAL CENTER, INC., *Respondent*.

*Carla A. Lopez* and *Lopez & Fantel,* for appellants.

*Mary McIntyre* and *Hallmark, Keating & Abbott, P.C.,* for respondent.

BAKER, C.J. — Monica Nicole Wilson, a minor, appeals a defense verdict in her action for medical negligence against Overlake Hospital Medical Center (Overlake). Presentation of the Plaintiffs' case in chief was interrupted in order to present the testimony of out-of-state defense experts. Plaintiffs contend they had the right to present their evidence first and without interruption, and that, if such a right is not absolute, then the court abused its discretion in permitting defense expert witnesses to testify during their case. We hold that parties do not have an absolute right to present their case without interruption. We further hold that under the facts of this case, the trial court did not abuse its discretion when it permitted certain defense witnesses to be called out of order during the Plaintiffs' case.

Overlake contends Plaintiffs should be sanctioned for bringing a frivolous appeal. We impose sanctions for Plaintiffs' abuse of appellate procedure.

Kay Wilson was a high risk obstetrical patient, pregnant with Monica Wilson. Her obstetrician, Dr. Andersen, referred

her to Overlake Hospital for tests. Whether the nursing staff at Overlake properly conveyed her prenatal test results to Dr. Andersen is disputed. Kay Wilson was eventually transferred to University Hospital where Monica Wilson was born with permanent brain damage. The parties produced conflicting expert testimony about what treatment would or should have been provided at Overlake based on the test results.

The original trial date was continued to July 2, 1991, due to Kay Wilson's illness. Trial actually began on July 8. On July 9 Overlake requested that three out-of-state expert witnesses be allowed to testify out of order during the Plaintiffs' case in chief. The witnesses had been scheduled on the erroneous assumption that the trial would have progressed to the defense case by that date. Overlake represented that the experts did not have other available dates. Plaintiffs objected.

The court noted that it preferred to allow each party to complete its case without interruption, but if accommodations were necessary they would be made for each party.[1] The court then asked if one expert's testimony could be videotaped. Overlake argued that it would be difficult to travel to California in the middle of the trial and that the expert needed to present several exhibits which would be difficult on video. Plaintiffs' counsel suggested as an alternative that the expert be taped on the scheduled date and the tape shown to the jury during the defense case. This suggestion was rejected and the defense experts testified as scheduled during Plaintiffs' case.

I

Plaintiffs contend they had an absolute right to present their evidence first and without interruption. They rely on cases which allocate the right to present evidence first to the party with the burden of proof. These authorities do not require reversal.[2]

---

[1] Plaintiffs' witnesses did not require such accommodation.

[2] In *Coffman v. Spokane Chronicle Pub'g Co.*, 65 Wash. 1, 9, 117 P. 596 (1911) and *Los Angeles Olive Growers' Ass'n v. Pacific Grocery Co.*, 119 Wash. 293, 297, 205 P. 375 (1922), the reviewing court affirmed the trial court's allocation of the right to present evidence first. Consequently, these cases do not discuss the nature of this right or what the remedy would have been if it had been denied.

In *Seattle & M. Ry. v. Murphine*, 4 Wash. 448, 30 P. 720 (1892) a railroad brought an action to appropriate a strip of respondents' land for a right of way. Both parties claimed the right to present evidence first. The trial court ruled in favor of respondents.[3] The reviewing court determined that the railroad had the burden of proof on all issues, including the amount of compensation, and therefore had the right to present its case first.[4] In *Hall v. Elgin Dairy Co.*, 15 Wash. 542, 46 P. 1049 (1896) a former employee of a dairy brought an action for libel against his former employer. The dairy admitted publication and raised a defense of justification. The trial court refused to permit the defendant dairy to open and close with its case. The dairy appealed from a verdict for the plaintiffs. The reviewing court held that the dairy, as the party with the burden of proof, had the right to open and close the case.[5]

■ It is undisputed that Plaintiffs had the burden of proof. The cited authorities support the suggestion that they were entitled to present their case first. However, the right to open and close presentation of evidence does not require us to conclude that the trial court's normally broad discretionary control over the conduct and procedures of trial is so circumscribed as to eliminate the possibility of calling witnesses out of order, even over objection.

In *Seal v. Long*, 112 Wash. 370, 192 P. 896 (1920) the trial court permitted the defendant to cross-examine the plaintiff beyond the scope of direct examination. The reviewing court agreed that the examination was not proper cross examination and that the defense had in effect made the plaintiff its witness. However,

> this was but to introduce evidence out of its natural order, and was so far within the discretion of the trial judge as to be

---

[3]*Murphine*, 4 Wash. at 450.

[4]*Murphine*, 4 Wash. at 452-53.

[5]*Hall*, 15 Wash. at 547. Plaintiffs cite *Hall* for the proposition that a denial of the right to open and close is reversible error. Plaintiffs' quotation from *Hall* is not taken from the court's opinion but rather from the reporter's synopsis of the argument of appellant. *Hall*, 15 Wash. at 543.

reviewed only for an abuse of discretion. We cannot see how in any manner the appellants could have been prejudiced by it, and cannot, therefore, find such an abuse as to require a new trial.

*Seal*, 112 Wash. at 375. While Plaintiffs point out that *Seal* did not involve calling other defense witnesses during plaintiff's case, the *Seal* court nevertheless permitted a discretionary departure from the customary practice.

We hold that a trial court has discretion to permit the interruption of a party's case when necessary for the convenience of litigants or the court.[6] However, we observe that a party's presentation of its case without interruption is certainly the preferred method of procedure.

## II

We next consider Plaintiffs' contention that the trial court abused its discretion in this case. It is true that the experts' testimony could have been videotaped. As the defense argued, however, this would have necessitated an interruption in the ordinary trial procedure and may have been a less than satisfactory method of proceeding with at least one of the witnesses. It can be difficult to schedule the testimony of out-of-state expert witnesses even when trials are not delayed and rescheduled. The original trial date was continued over 9 months to accommodate Plaintiffs' needs, and the case began 6 days later than scheduled. In addition, Overlake's codefendant, Dr. Andersen, settled with Plaintiffs immediately before trial and left Overlake with additional scheduling problems.

The trial courts frequently are burdened with heavy and conflicting litigation schedules. Even though it is preferable

---

[6]We do not base our decision on the language of ER 611. Overlake contends ER 611 grants a trial court the necessary discretion to take witnesses out of order.

The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

ER 611(a). Plaintiffs point out that ER 611 assumes the traditional order of proof. 5A Karl B. Tegland, Wash. Prac., *Evidence* § 243, at 262 n.1 (3d ed. 1989).

to permit litigants to present their cases without interruption, trial courts must be accorded considerable discretion in this area. We find no abuse of that discretion here, where the trial court allowed Overlake's experts to testify as scheduled.

### III

Plaintiffs contend the trial court erred in permitting Overlake to examine Dr. Andersen about his settlement with Plaintiffs. Overlake's motion and the trial court's initial ruling were based on the theory that the settlement showed Dr. Andersen's bias or interest. Evidence of settlement is admissible for this purpose under ER 408. No abuse of the court's discretion to admit such evidence is apparent from the record.

Plaintiffs did not object when Overlake moved to admit the evidence. Even in their motion for a new trial, Plaintiffs made only vague and conclusory objections.[7] Plaintiffs' specific factual argument that Dr. Andersen's testimony favored Overlake and therefore did not justify evidence of bias will not be considered for the first time on appeal. RAP 2.5(a).

### IV

In its cross appeal, Overlake contends the trial court erred in denying Overlake's various motions to dismiss Plaintiffs' action. Because we affirm the defense verdict, Overlake's cross appeal is moot except as it applies to Overlake's request for fees and expenses pursuant to RCW 4.84.185 and CR 11.

Overlake contends Plaintiffs' action was frivolous because they did not produce evidence that Overlake's alleged negligence was a proximate cause of Monica Wilson's injuries. Overlake contends Plaintiffs must show that Monica's injuries more probably than not resulted from Overlake's negligence.[8] Plaintiffs do not argue otherwise. Plaintiffs contend Monica's injuries were caused by asphyxia and hypoxia (oxygen deprivation) occurring in the hours preceding her birth,

---

[7]Plaintiffs argued, "A new trial must be granted because the settlement with Andersen was disclosed. Washington law makes clear that, where settlement is disclosed, a new trial must be granted." Clerk's Papers, at 978.

[8]See *Young v. Group Health Coop.*, 85 Wn.2d 332, 340, 534 P.2d 1349 (1975); *Richards v. Overlake Hosp. Med. Ctr.*, 59 Wn. App. 266, 277-78, 796 P.2d 737 (1990), *review denied*, 116 Wn.2d 1014 (1991).

and that Overlake's negligence delayed Monica's delivery by hours or days.

■ Overlake contends Plaintiffs' experts could not establish that the injuries occurred *while* Kay Wilson was at Overlake Hospital. Overlake contends proximate cause is therefore lacking because Kay Wilson was either still at home or had been transferred to University Hospital when the injuries occurred. We reject this argument which assumes, without explanation, that Overlake could only be liable for injuries which more probably than not occurred while Kay Wilson was physically at Overlake Hospital, regardless of when or how the injuries were caused.

The trial court's denial of Overlake's motion for attorney fees, pursuant to RCW 4.84.185 and CR 11, was not error.

## V

■ Finally, we decline to accept Overlake's argument that Plaintiffs should be sanctioned for pursuing a frivolous appeal. We conclude, however, that Plaintiffs should be sanctioned for their abuse of the Rules of Appellate Procedure. Plaintiffs have obtained numerous extensions of time to perfect the record and file their briefs. This appeal has taken more than 3 years to reach oral argument. Plaintiffs' failure to comply with the Rules of Appellate Procedure has been the subject of several earlier motions for sanctions, which have been denied. A commissioner of this court passed the most recent motion for sanctions to this panel for consideration along with the merits. Plaintiffs' briefs do not attempt to explain their chronic failure to comply with the appellate rules. No justification is apparent in the record.

We impose sanctions on Plaintiffs' counsel in the amount of $750 payable to this court for failure to timely prosecute this appeal.

Affirmed.

AGID and BECKER, JJ., concur.

Reconsideration denied September 25, 1995.