The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: **July 3, 2024**

**No. A-1-CA-40594**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.

**EMMANUEL VALDEZ,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Jeffery A. Shannon, District Court Judge**

Raúl Torrez, Attorney General
Ellen Venegas, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mallory E. Harwood, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**BUSTAMANTE, Judge, retired, sitting by designation.**

{1} We are presented with the question of whether using counterfeit money to buy goods constitutes forgery, pursuant to NMSA 1978, Section 30-16-10(A)(2) (2006). Defendant Emmanuel Valdez appeals pursuant to his conditional plea agreement and argues that contrary to the district court's ruling, money is not a writing, thus using two counterfeit ten dollar bills cannot be the basis for his forgery conviction. We affirm.

**BACKGROUND**

{2} Defendant was arrested and charged with forgery, pursuant to Section 30-16-10(A)(1), after allegedly attempting to pay for items at a gas station with two counterfeit ten dollar bills. *See id.* (stating that forgery consists of "falsely making or altering any signature to, or any part of, any writing purporting to have any legal efficacy with intent to injure or defraud"). Defendant filed a motion to dismiss, pursuant to *State v. Foulenfont*, 1995-NMCA-028, ¶ 6, 119 N.M. 788, 895 P.2d 1329, arguing that the counterfeit bills did not have legal efficacy and thus could not be the basis for the forgery charge. *See id.* (allowing the dismissal of criminal charges on purely legal grounds when the district court assumes the factual predicate underlying the charges to be true). In its answer, the State "concede[d] that its theory of the case would be more appropriately charged," pursuant to Section 30-16-

10(A)(2), which states that forgery is "knowingly issuing or transferring a forged writing with intent to injure or defraud." The State also argued that a writing could be used in the forgery statute if it purported to have legal efficacy, and since U.S. currency has legal efficacy, attempting to pass counterfeit money was forgery. The State simultaneously filed an amended criminal information charging Defendant with attempted forgery, pursuant to Section 30-16-10(A)(2), (B) and NMSA 1978, Section 30-28-1 (1963, amended 2024).

{3} At the *Foulenfont* hearing, the State admitted it intended to charge the felony of forgery via issuing or transferring, pursuant to Section 30-16-10(A)(2), and the district court proceeded with the hearing on that understanding. The district court concluded that attempting to use counterfeit bills could constitute forgery and denied Defendant's motion.

{4} Several months later Defendant pleaded guilty to forgery by issue or transfer, pursuant to Section 30-16-10(A)(2), as then charged. Defendant reserved his right to appeal the denial of his *Foulenfont* motion, which was not limited in scope to either Subsection (A)(1) or (2) of the statute.

**DISCUSSION**

**The Use of Counterfeit Bills May Be the Basis of Forgery, Pursuant to Section 30-16-10(A)(2)**

{5} Defendant argues that because counterfeit bills cannot constitute a forged writing, he cannot be guilty of forgery, pursuant to Section 30-16-10(A)(2).

2

Defendant's argument requires us to construe the pertinent subsection of New Mexico's forgery statute, § 30-16-10(A)(2). Our review is de novo. *See State v. Duhon*, 2005-NMCA-120, ¶ 10, 138 N.M. 466, 122 P.3d 50. "Our primary goal when interpreting statutory language is to give effect to the intent of the [L]egislature." *State v. Torres*, 2006-NMCA-106, ¶ 8, 140 N.M. 230, 141 P.3d 1284. "We do this by giving effect to the plain meaning of the words of [the] statute," *State v. Marshall*, 2004-NMCA-104, ¶ 7, 136 N.M. 240, 96 P.3d 801, except when doing so "render[s] the statute's application absurd, unreasonable, or unjust." *State v. Rowell*, 1995-NMSC-079, ¶ 8, 121 N.M. 111, 908 P.2d 1379 (internal quotation marks and citation omitted).

{6} Pursuant to Section 30-16-10(A), "Forgery consists of: (1) falsely making or altering any signature to, or any part of, any writing purporting to have any legal efficacy with intent to injure or defraud; or (2) knowingly issuing or transferring a forged writing with intent to injure or defraud." Defendant was charged under the issuing or transferring subsection. We agree with the parties that the elements of forgery, pursuant to Section 30-16-10(A)(2) are (1) knowingly, (2) issuing or transferring, (3) a forged writing, and (4) with intent to injure or defraud. The parties also agree that the only element at issue in this case is the "forged writing" requirement.

{7}     Defendant contends that our inquiry is whether counterfeit money is a forged writing. Defendant makes a compelling argument based on the definition of a writing and the definition of money—neither of which are defined in the Criminal Code—that money cannot constitute a writing, so transferring counterfeit bills cannot be the subject of a forgery conviction.

{8}     We need not address these arguments in light of *State v. Scott*, 2008-NMCA-075, 144 N.M. 231, 185 P.3d 1081. In *Scott*, the defendant submitted two altered documents—one purporting to be a letter from a hospital and the other purporting to be from a hospital ordering tests—explaining her failure to appear at a probation hearing. *Id.* ¶ 2. The defendant was then charged with two counts of an earlier version of the forgery statute, § 30-16-10(A) (1963), but instructions submitted to the jury included one violation of Section 30-16-10(B) (1963). *Scott*, 2008-NMCA-075, ¶ 7. At the time, the elements of both subsections of the forgery statute were the same as are the relevant elements thereof in this case, but the sentencing was simplified to be a third degree felony for both subsections. *Compare Scott*, 2008-NMCA-075, ¶¶ 7, 8 (citing Section 30-16-10 (1963)), *with* § 30-16-10. This Court determined after reading the statute as a whole and looking to the purpose of the statute, "that the forged writing described in Subsection B is the type of writing falsely made or altered in Subsection A, i.e., a writing purporting to have legal efficacy." *Scott*, 2008-NMCA-075, ¶ 8. This Court reasoned that the structures of

4

the uniform jury instructions and their corresponding commentaries indicated that legal efficacy is a question of law not to be submitted to the jury. *Id.* ¶ 9. This Court thus narrowed the reach of the statute, reasoning that the Legislature could not have intended the transfer of any falsified writing to qualify as a third degree felony. *Id.* This Court went on to determine whether the two altered documents purported to have legal efficacy, concluding neither did. *Id.* ¶¶ 9-15.

{9}     We are bound by *Scott*'s conclusion that the "forged writing" in Section 30-16-10(B) is a writing purporting to have legal efficacy. *See* 2008-NMCA-075, ¶ 8. Defendant does not address the holding in *Scott* or provide any argument that *Scott* should be overruled. *See State v. Pieri*, 2009-NMSC-019, ¶ 21, 146 N.M. 155, 207 P.3d 1132 (setting forth the four factors that an appellate court must consider when deciding whether to overturn precedent). Moreover, Defendant concedes that counterfeit money purports to have legal efficacy, and we agree. *See State v. Carbajal*, 2002-NMSC-019, 132 N.M. 326, 48 P.3d 64 ("The phrase 'legal efficacy' refers to the fact that the instrument on its face could be made the foundation of some liability." (internal quotation marks and citation omitted)). Thus, the seminal inquiry established in *Scott* is affirmatively answered. Given counterfeit bills are instruments purporting to have legal efficacy, they are then a forged writing that can be the basis of a forgery charge pursuant to Section 30-16-10(B).

**CONCLUSION**

{10}    We affirm and remand for the limited purpose of correcting the typographical error in the conditional discharge order such that the order correctly identifies the charge to which Defendant pleaded.

{11}    **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge,**
**retired, Sitting by designation**

**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**


_____
**JACQUELINE R. MEDINA, Judge**

6